## HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellant,

v.

## PG & E TEXAS PIPELINE, L.P., Appellee.

No. 01–00–00453–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 28, 2000.

Mark Allen, Frank E. Sanders, Robin Taylor Balette, Dennis S. Dresden, Houston, for Appellant.

Samuel Grant Dorfman, Jack D. Ballard, Houston, for Appellee.

Panel consists of Justices O'CONNOR, HEDGES, and PRICE.*

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

## OPINION ON REHEARING

O'CONNOR, Justice.

This interlocutory appeal arises from the trial court's denial of Harris County Flood Control District's plea to the jurisdiction in the appellee's, PG & E Texas Pipeline, L.P.'s, breach of contract, declaratory judgment, strict liability, negligence, and inverse condemnation causes of action. We deny the District's motion for rehearing, and withdraw the Opinion of November 16, 2000, and issue this in its stead. We affirm the trial court's denial of the District's plea to the jurisdiction.

The appeal is authorized and accelerated pursuant to the provisions of the Texas Civil Practice and Remedies Code section 51.014(a)(8) and Texas Rule of Appellate Procedure 28.1.

### Facts

PG & E and the District have parallel easements in the Berry Bayou drainage ditch in South Houston. PG & E and the District are both licensees. The District hired Ramex Construction Corporation to assist in an improvement project. While removing some concrete box culverts, Ramex discovered PG & E's pipeline was outside its right-of-way. PG & E contends the pipeline was originally inside its right of way, but the removal of the concrete box culverts caused the pipeline to move laterally and downward towards the District's drainage ditch. Upon discovering PG & E's pipeline, Ramex stopped operations and built a wall to protect it. PG & E removed the pipeline from service and vented the gas into the atmosphere. Later, PG & E restored the pipeline to service.

PG & E sued the District [1] for declaratory judgment, based on its status as a third party beneficiary to its easement contract, and alleged causes of action based on strict liability for the removal of lateral support

1. PG & E also sued Ramex, the contractor for the District. Ramex is not a party to this

of the pipeline right-of-way, for negligence under the Texas Tort Claims Act (TTCA), and for inverse condemnation. The District filed a plea to the jurisdiction based on sovereign immunity for all the claims except the inverse condemnation claim. The trial court denied the District's plea to the jurisdiction.

### Jurisdiction

■ In issue one, the District posed the question whether the trial court should have granted its plea to the jurisdiction. In its brief, the District claimed it was entitled to a dismissal of PG & E's claims because it is immune from suit based on governmental immunity, and immunity from suit defeats subject matter jurisdiction. In oral argument and in its brief, the District conceded the trial court had jurisdiction over the claim for inverse condemnation.

■ When the trial court has jurisdiction over any claim against a governmental entity, the court should deny that entity's plea to the jurisdiction. *See Aledo ISD v. Choctaw Properties, L.L.C.,* 17 S.W.3d 260, 263 (Tex.App.—Waco 2000, no pet. h.); *Blum v. Restland, Inc.,* 971 S.W.2d 546, 549 (Tex.App.—Dallas 1997, rev. den.); *see also Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985) (sustaining a plea to the jurisdiction requires dismissal of the entire suit).

■ On rehearing, the District claims that an interlocutory appeal of a plea to the jurisdiction is appropriate even though the order did not resolve all the claims in the lawsuit, relying on Civil Practice and Remedies Code section 51.014(8). Section 51.014(8) is one of the exceptions to the rule that only final judgments can be appealed. Subsection (8) permits the appeal of an interlocutory order granting or denying a plea to the jurisdiction. The policy reason for that provision is that the State

appeal.

should not have to expend resources in trying a case on the merits if it is immune from suit.

If the order on the plea to the jurisdiction had resolved all the claims against the District, leaving unresolved claims against other parties, we agree section 51.014(8) would permit an interlocutory appeal. However, there is no policy reason to justify an interlocutory appeal by the District for one claim, when another claim against the District remains unresolved. If we permitted separate interlocutory appeals from orders that resolved only one of the claims pending against a governmental unit, it would increase the cost of resolving the litigation and delay the final disposition of the case.

Because the District concedes the trial court has jurisdiction over PG & E's condemnation claim, the trial court correctly overruled the District's plea to the jurisdiction.

We overrule the District's issue.

### Costs of the Appeal

On rehearing, the District challenges the allocation of costs. The District is correct. Under Civil Practice and Remedies Code section 51.015, each party is liable for and is taxed its own costs of the appeal. TEX. CIV.PRAC. & REM.CODE § 51.015.

### Conclusion

We affirm the trial court's order, and we reform the judgment to show each party is taxed its own costs of the appeal.

We deny PG & E's motions to strike and for sanctions.

En banc consideration was requested.

A majority of the justices of the Court voted to overrule the request for en banc consideration.

Justices MIRABAL and ANDELL dissenting from the overruling of the request for en banc consideration without opinion.