**CITY OF HEDWIG VILLAGE PLANNING AND ZONING COMMISSION and S. Frank White, Appellants,**

v.

**HOWETH INVESTMENTS, INC. and Jack Howeth as Trustee for the 881 Brogden Trust and The 901 Brogden Trust, Assignees of Howeth Investments, Inc., Appellees.**

No. 01–01–00631–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 7, 2002.

Rehearing Overruled April 2, 2002.

John J. Hightower, Kimberley Mickelson, Houston, for Appellant.

Millard A. Johnson, Johnson, Finkel, DeLuca & Kennedy, P.C., Houston, for Appellee.

Panel consists of Justices WILSON, HEDGES, and JENNINGS.

## OPINION

WILSON, Justice.

This is an interlocutory appeal arising from the trial court's denial of the City of Hedwig Village Planning and Zoning Commission (the Commission) and S. Frank White's [1] plea to the jurisdiction asserting plaintiffs lacked standing and the issues were moot. We affirm the trial court's denial of the Commission's plea to the jurisdiction.

The appeal is authorized and accelerated pursuant to the provisions of the Texas Civil Practice and Remedies Code section 51.014(a)(8) and Texas Rule of Appellate Procedure 28.1.

### Background

Jack Howeth and Howeth Investments, Inc. (collectively "Howeth") entered into an earnest money contract to purchase, from two separate land owners, two adjacent, unsubdivided tracts of land on Brogden Road in the City of Hedwig Village. In both contracts, Howeth was allowed to apply to the Commission, on the owners' behalf, to subdivide each tract.

Howeth, the developer, filed two applications to subdivide the two tracts.[2] *See* TEX. LOC. GOV'T CODE ANN. § 212.008 (Vernon 1999). The Commission met to discuss the applications, but no action was taken.

Pursuant to section 212.009(a) of the Local Government Code and after 30 days had expired since the applications were filed, Howeth submitted separate "Certificates of No Action Taken" to S. Frank White, the chairman of the Commission. Section 212.009(a) states:

> The municipal authority responsible for approving plats shall act on a plat within 30 days after the date the plat is filed. A plat is considered approved by the municipal authority unless it is disapproved within that period.

TEX. LOC. GOV'T CODE ANN. § 212.009(a) (Vernon 1999). "Certificates of No Action Taken" can be used in lieu of formal approval by the Commission if the Commission does not timely respond to an applica-

---

1. White is the chairman of the Commission.

2. The applications proposed the subdivision of each tract of land into two flag-shaped lots.

tion. *See* Tex. Loc. Gov't Code Ann. § 212.009(d) (Vernon 1999). White refused to issue the Certificates, and the Commission instructed Howeth not to take any further action pending a hearing before the Commission.

A second hearing was held to discuss the subdivision of the two Brogden properties, and the Commission voted to refuse approval of either of the proposed subdivisions. Howeth then submitted a second set of plats for subdividing the tracts.[3] The Commission held a hearing, and, shortly after the meeting was called to order, adjourned into executive session. Forty-five minutes later, the Commission returned to open session, and Howeth presented the applications. White then orally read a prepared statement expressing his opposition to the plats as submitted by Howeth. The applications were denied a second time.

After the second denial, Howeth brought suit asserting that White and the Commission violated the Open Meetings Act and the Texas Local Government Code. The plaintiffs alleged these violations resulted in an unconstitutional taking. They acknowledged that (1) they did not own the tracts of land at the time the applications were filed and denied and (2) they did not file any applications on their own behalf.

Howeth did not exercise its contractual right to purchase the Brogden tracts, but instead assigned the right to purchase each tract to a separate family trust. The 881 Brogden Trust and the 901 Brogden Trust were created for the two tracts of land on Brogden Road, and the Trusts obtained fee title of the respective pieces of property. Howeth, however, never held title to either tract. The Trusts joined in the suit against the Commission.

White and the Commission filed a plea to the jurisdiction contending that the plaintiffs lacked standing to bring this suit. Alternatively, they argued if the plaintiffs did have standing, their issues were moot.

### Plea to the Jurisdiction

■ Standing is a prerequisite to subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). The absence of subject-matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment. *Id.* at 554. The Commission has raised its challenge by a plea to the jurisdiction.

■ A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Id.; State v. Sledge*, 36 S.W.3d 152, 155 (Tex.App.—Houston [1st Dist.] 2000, pet. denied). The claims may form the context in which a dilatory plea is raised, but the plea should be decided without delving into the merits of the case. *See Jud v. City of San Antonio*, 143 Tex. 303, 307, 184 S.W.2d 821, 823 (Tex.1945). The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits, but to establish a reason why the merits of the plaintiffs' claims should never be reached. *Blue*, 34 S.W.3d at 554. This does not mean that evidence cannot be offered on a dilatory plea; on the contrary, the issues raised by a dilatory plea are often such that they cannot be resolved without hearing evidence. *Id.* And because a court must not act without deter-

---

**3.** This time, the applications asked for approval of final plats providing for the subdivision of each tract into two rectangular lots with an "access easement" across the front lot to provide egress to the rear lot.

mining that it has subject-matter jurisdiction to do so, it should hear evidence as necessary to determine the issue before proceeding with the case. *Id.* But the proper function of a dilatory plea does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction. *Id.* Whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case must be left largely to the trial court's sound exercise of discretion. *Id.*

### Third Amended Petition

In its third amended petition, Howeth filed an application for writ of mandamus, declaratory judgment, and injunctive relief complaining of the Commission, the City of Hedwig Village, and S. Frank White. The pleadings specifically asserted:

### (1) Violation of the Open Meetings Act

The plaintiffs alleged that, by going into executive session during the hearing on the second application, the Commission violated the Open Meetings Act. As such, any action taken by the Commission at the hearing should be declared void, and, if declared void, the plaintiffs were entitled to "Certificates of No Action Taken."

### (2) Mandamus Relief

The plaintiffs sought mandamus relief compelling the Commission to submit a "Certificate of No Action Taken" because the Commission did not approve or deny the application within 30 days in compliance with section 212.009 of the Local Government Code. The Commission failed to perform this ministerial function after the expiration of the 30 days. In the alternative, the plaintiffs sought a writ of mandamus compelling the Commission to approve the applications because they met all requirements of the Commission and the City Code of Hedwig Village.

### (3) Declaratory Judgment

The plaintiffs plead for a declaration of their rights to obtain a "Certificate of No Action Taken" to proceed with recording the platted subdivision of each property. In the alternative, they sought approval of the applications for subdivision of the properties as "flag" lots because such a configuration was "unavoidable" as contemplated under the pertinent ordinances of the City of Hedwig Village.[4] Specifically, the declaratory judgment requested that the trial court declare (1) the flag lot configuration for each parcel was "unavoidable"; (2) the plats, as submitted, met all of the requirements of the pertinent provisions of Texas state law, the Codes and the City Ordinances; (3) Howeth Investments, Inc. and the Trusts were entitled to Certificates of No Action Taken on each property; (4) all actions taken by the Commission at the meeting denying the first application were void in light of the Commission's failure to proceed by the 30–day time period required by state law; (5) the Trusts were entitled to have immediate approval from the Commission; and (6) the conduct of the Commission constituted an unlawful regulatory taking which

4. At the time the plat applications were filed, section 16 38(c) of the Code of Ordinances of the City of Hedwig Village read as follows: **Key or Flag Shaped Lots.** Unless unavoidable, key or flag shaped lots shall not be permitted. For the purposes hereof, a key or flag shaped lot shall mean a lot having gross disparities in width between side lot lines, sometimes resembling a flag pole, a key, or some other lot shape of comparable irregularity. HEDWIG VILLAGE, TEX., CODE OF ORDINANCES § 16–38(c) (repealed 2001).

entitled the Trusts to reasonable compensation.

#### (4) Regulatory Unlawful Taking

Without waiving their claims to declaratory and mandamus relief, the plaintiffs also sought monetary damages stemming from their takings claim.

#### (5) Injunctive Relief

The plaintiffs alleged they were entitled to mandatory temporary and permanent injunction that the City of Hedwig Village shall (1) issue two "Certificates of No Action Taken," as a result of the Commission's failure to consider the plaintiffs' applications within the 30–day period required by state law; (2) permit the commencement of the subdivision of the subject properties; (3) show cause why building permits had not been issued; (4) issue building permits consistent with all duly adopted ordinances on the date of application; and, alternatively, (5) be enjoined from taking any punitive action for plaintiffs' not obtaining building permits.

### Standing

In point of error one, the Commission argues the plaintiffs' pleadings fail to allege facts sufficient to demonstrate the court's jurisdiction over their subdivision claim. Specifically, it contends that because neither Howeth nor the Trusts owned the property at the time the subdivision applications were denied, they do not have standing to bring suit relating to the denial.

■ While it is true the Local Government Code requires ownership to actually subdivide property, it does not require ownership to file an application to subdivide. *Compare* TEX. LOC. GOV'T CODE ANN. § 212.004(a) (Vernon 1999) ("the owner"), *with* TEX. LOC. GOV'T CODE ANN. § 212.008

(Vernon 1999) ("a person"). It is logical that a developer's decision to purchase property would be contingent on the approval of his plans to subdivide the property.

■ Additionally, the Commission does not address Howeth's takings claim or its violation of the Open Meetings Act claim. As such, we must assume it concedes the trial court has jurisdiction over it for these claims. When the trial court has jurisdiction over any claim against a governmental entity, the court should deny that entity's plea to the jurisdiction. *Harris County Flood Control Dist. v. PG & E Texas Pipeline, L.P.*, 35 S.W.3d 772, 773 (Tex. App.—Houston [1st Dist.] 2000, pet. dism'd w.o.j.); *see also Speer v. Stover*, 685 S.W.2d 22, 23 (Tex.1985) (sustaining a plea to the jurisdiction requires dismissal of the entire suit).

We overrule point of error one.

### Mootness

In point of error two, the Commission contends the plaintiffs' pleadings fail to allege facts sufficient to demonstrate the existence of a live controversy over the denial of the previous subdivision applications.

■ Subject-matter jurisdiction requires that there be a live controversy between the parties. *State Bar v. Gomez*, 891 S.W.2d 243, 245 (Tex.1994). Under the mootness doctrine, a justiciable controversy between the parties must exist at every stage of the legal proceedings. *James v. Hubbard*, 21 S.W.3d 558, 560 (Tex.App.—San Antonio 2000, no pet.).

Having determined that a "person" who is not necessarily the "owner" has standing to file an application for subdivision, we

find there was a live controversy at every stage of the legal proceeding.

We overrule point of error two.

### Conclusion

Accordingly, we affirm the trial court's denial of the Commission's plea to the jurisdiction.