The CITY OF HOUSTON, Appellant,

v.

NORTHWOOD MUNICIPAL UTILITY DISTRICT NO. 1 and its Bondholders, Claude Jinks, Malcolm Bailey, Robert R. Burchfield, Edward G. Rizk, Fred Hofhienz, Fred Rizk, Jean Stuart, Paul Philbin, and J. Craig Nelson, Appellees.

No. 01–01–00497–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 2002.

---

10. TEX. GOV'T.CODE ANN. § 311.021 (Vernon 1988).

Bertrand L. Pourteau, II, Sr. Asst. City Atty. Judy K. Hatfield, Houston, for Appellant.

W. Allyn Hoaglund, Houston, for Appellee.

Per curiam order delivered by En Banc Court, which consists of Chief Justice SCHNEIDER and of Justices COHEN, MIRABAL, HEDGES, TAFT, NUCHIA, JENNINGS, and RADACK.

## EN BANC ORDER ON ASSESSMENT OF APPELLATE COSTS

PER CURIAM.

On November 15, 2001, this Court issued an opinion, 73 S.W.3d 304, reversing the trial courts' denial of appellant's plea to the jurisdiction and rendered judgment dismissing appellees' claims for want of jurisdiction. Appellees have filed a motion requesting that we reconsider the assessment of appellate costs. In this Court's judgment, we ordered that all costs of appeal be paid by appellees. *See* TEX. R.APP. P. 43.4.

Appellees contend that each party should have been liable for its own costs of appeal. In support of this contention, appellees rely on section 51.015 of the Texas Civil Practice and Remedies Code and *Harris County Flood Control District v. PG & E*, 35 S.W.3d 772 (Tex.App.-Houston [1st Dist.] 2001, pet dism'd w.o.j.). As in this case, *PG & E* involved an interlocutory appeal from the denial of a plea to the jurisdiction filed by a governmental unit, i.e., the Harris County Flood Control District. *PG & E*, 35 S.W.3d at 773; *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2002). In *PG & E*, we held as follows:

> On rehearing, the District challenges the allocation of costs. The District is correct. Under Civil Practice and Remedies Code section 51.015, each party is liable for and is taxed its own costs of the appeal.

*PG & E*, 35 S.W.3d at 774. We now realize we misconstrued section 51.015 in *PG & E*, and, thus, we issue this en banc order.

Section 51.015 provides as follows:

> In the case of an appeal brought pursuant to Section 51.014(6), if the order appealed from is affirmed, the court of appeals shall order the appellant to pay all costs and reasonable attorney fees of the appeal; otherwise, each party shall

be liable for and taxed its own costs of the appeal.

TEX. CIV. PRAC. & REM.CODE ANN. § 51.015 (Vernon Supp.2002).[1] In turn, subsection 51.014(a)(6) states the following:

(a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

(6) denies a motion for summary judgment that is based in whole or in part upon a claim against or defense by *a member of the electronic or print media,* acting in such capacity, or *a person whose communication appears in or is published by the electronic or print media,* arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article 1, Section 8, of the Texas Constitution, or Chapter 73[.]

*Id.* § 51.014(a)(6) (Vernon Supp.2002)[2] (emphasis added).

Accordingly, each party is liable for its own costs of appeal under section 51.015 **only** in cases involving an interlocutory appeal from a denial of a motion for summary judgment based in whole or in part on a claim against or defense by a media-related party involving issues of freedom of the press or freedom of speech, and then only when the order denying the motion for summary judgment is not affirmed. Section 51.015 does not apply to any other type of interlocutory appeal, including an appeal by a governmental unit from the denial of a plea to the jurisdiction as we have in this case, and as was involved in *PG & E.* We therefore disavow *Harris County Flood Control District v. PG & E,* 35 S.W.3d 772 (Tex.App.-Houston [1st Dist.] 2001, pet dism'd w.o.j.) to the extent that it holds otherwise.

We **deny** appellees motion requesting reallocation of appellate costs.

It is so **ORDERED.**

Justice HEDGES concurs in the result only.

---

1. Section 51.015 was enacted in 1993. Act of May 22, 1993, 73rd Leg., R.S., ch. 855, § 1, 1993 Tex. Gen. Laws 3365, 3366. Its language has not been amended since enactment.

2. Subsection 51.014(6) was added to section 51.014 by amendment effective September 1, 1993. Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3280, *amended by,* Act of May 22, 1993, 73rd Leg., R.S., ch. 855, § 1, 1993 Tex. Gen. Laws 3365, 3366. In 1997, section 51.014 was again amended and subsection 51.014(6) became subsection **(a)(6);** however, the substantive language of that subsection was unchanged. Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3280, *amended by,* Act of May 25, 1997, 75th Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936, 4937. Subsection 51.014 was also amended effective September 1, 2001, but the language of subsection (a)(6) was again left unchanged. Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3280, *amended by,* Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3575, 3575.