Opinion issued October 2, 2003.










     



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00928-CV




CYNTHIA ANN VANDERWEYST, Appellant

V.

ADOLPH G. BOUDREAUX and BEVERLY B. KAUFMAN, Appellees




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2002-02251




MEMORANDUM OPINION

          This is an interlocutory appeal arising from the trial court’s granting of Adolph
G. Boudreaux and Beverly B. Kaufman’s plea to the jurisdiction asserting sovereign
immunity from Cynthia Ann Vanderweyst’s suit. We reverse and remand the case to
the trial court for further proceedings. Background
          This appeal is related to an earlier suit filed by Vanderweyst against
Nationwide Housing Systems, Inc. in which Vanderweyst obtained a judgment
against Nationwide for $91,280.47. Nationwide perfected its appeal and posted a
supersedeas bond with the Harris County Clerk, Beverly Kaufman.


 The bond was
approved by Deputy Harris County Clerk Adolph G. Boudreaux. Although
Vanderweyst’s award was in the amount of $91,280.47, the bond was issued for
$88,152.00. The surety on the supersedeas bond was American Homestar
Corporation, who is allegedly Nationwide’s parent company.


 Shortly after posting
the bond and filing an appeal, Nationwide filed for bankruptcy under Chapter 11. 
Nationwide’s appeal was abated by the Fourteenth Court of Appeals due to
Nationwide’s bankruptcy.


 
          In January 2002, Vanderweyst filed suit against Boudreaux and Kaufman in
their personal capacities. Vanderweyst’s petition claimed that the bond provided by
Nationwide was not “good and sufficient,” as required by Texas Rule of Appellate
Procedure 24.1.
[T]he bond approved by Mr. Boudreaux on behalf of and as agent of Ms. 
Kaufman was not good and sufficient as required under Rule 24.1. Mr. 
Boudreaux owed to Plaintiff a legal duty to exercise ordinary and due
care in ascertaining the sufficiency of the sureties . . . . Mr. Boudreaux,
acting on behalf of and as agent for Ms. Kaufman, negligently failed to
exercise ordinary and due care in ascertaining the sufficiency of
Nationwide Housing Systems, Inc.’s supersedeas bond. Mr. Boudreaux,
acting on behalf of and as agent for Ms. Kaufman, negligently failed to
make ordinary and due inquiry into the sufficiency of the sureties on
Nationwide Housing Systems, Inc.’s supersedeas bond.
          . . . 
 
As a direct and proximate result of the occurrence made the basis of this
lawsuit, Plaintiff was prevented, by Mr. Boudreaux’s negligent approval
of the supersedeas bond, from executing judgment on assets of
Nationwide Housing Systems, Inc., which were otherwise subject to
judgment execution and/or from executing judgment on the supersedeas
bond. Plaintiff has thereby sustained economic damages in the amount
of $109,856.11. This amount includes the judgment $91,208.47, plus
post-judgment interest in the amount of $18,647.64 for the period from
February 3, 2000 to January 20, 2001. 

After Vanderweyst filed her petition, Boudreaux and Kaufman answered with a
general denial and invoked the affirmative defenses of governmental or sovereign
immunity, official immunity, and judicial immunity. 
          Boudreaux and Kaufman also filed a motion for leave to file a third party
petition. This motion does not appear in the appellate record, but other pleadings
show that the motion was directed at Vanderweyst’s attorney, Ralph Shepard. 
Shepard represented Vanderweyst in the original suit against Nationwide and he
continued to represent her in her suit against Boudreaux and Kaufman. In response
to Boudreaux and Kaufman’s motion, Shepard retained his own counsel, Scott
Rothenberg, who (1) filed a notice of appearance on behalf of Shepard and (2)
requested an oral hearing on Boudreaux and Kaufman’s motion.
          The trial court granted Shepard’s request for an oral hearing on the motion to
file a third party petition, and the hearing was set for June 3, 2002. 
          After filing their motion for leave to file a third party petition, Boudreaux and
Kaufman filed a plea to the jurisdiction. Boudreaux and Kaufman asserted that the
trial court lacked subject matter jurisdiction over Vanderweyst’s claims because, as
Nationwide’s appeal was still pending, judgment had not been rendered on the bond. 
Further, Boudreaux and Kaufman asserted that
[e]ven if Vanderweyst had a right to collect on the judgment today, and
Nationwide could not satisfy the judgment, Vanderweyst has never
attempted to collect on the supersedeas bond, nor does she allege. 
Vanderweyst’s complaint that the supersedeas bond is insufficient or
inadequate is therefore premature because it is possible that she will not
prevail on appeal, or if she does prevail, it is possible she may recover
on the bond.

Accordingly, Boudreaux and Kaufman asserted that Vanderweyst’s claims were not
yet ripe for adjudication. Boudreaux and Kaufman’s plea to the jurisdiction was set
for ruling on May 27, 2002. Vanderweyst’s attorney was notified that Boudreaux and
Kaufman’s plea was to be submitted “without the necessity of an Oral Hearing, unless
demand for one is made.” Notice of the submission was also sent to Shepard’s
attorney.
          On appeal, Vanderweyst alleges that the legal assistant for Scott Rothenberg,
who was counsel for Shepard (Vanderweyst’s original attorney and still merely a
potential third-party defendant) called the trial court’s clerk to request an oral hearing
on Boudreaux and Kaufman’s plea to the jurisdiction and to schedule that hearing for
the same day as the hearing on the motion for leave to file a third party petition.


 
According to Rothenberg’s legal assistant, the trial court clerk’s office told her that
there would be no problem in having an oral hearing on the plea to the jurisdiction
on June 3, 2002. However, on May 28, the day after the plea had originally been set
for written submission, the trial court granted Boudreaux and Kaufman’s plea to the
jurisdiction and ordered that Vanderweyst take nothing in her suit against Boudreaux
and Kaufman.
          On May 31, Scott Rothenberg sent written notice of the supposed June 3 oral
hearing on the plea to the jurisdiction to opposing counsel. On May 31, Rothenberg
also filed an opposition to both Boudreaux and Kaufman’s motion for leave to file a
third party petition and their plea to the jurisdiction. The record does not contain any
response to the plea to the jurisdiction from Vanderweyst’s attorney.
          On June 3, 2002, the trial court granted Boudreaux and Kaufman’s motion for
leave to file a third party petition. 
          On June 27, 2002, Vanderweyst, who had since retained Rothenberg to be her
own attorney as well as Shepard’s attorney, filed a motion for new trial and a motion
for reconsideration of the plea to the jurisdiction. In her motion for new trial,
Vanderweyst requested that the court take judicial notice of the contents of its file.
Vanderweyst attached the sworn affidavit of Rothenberg’s legal assistant describing
the events that had led Rothenberg to believe the plea to the jurisdiction had been set
for oral hearing on June 3, 2002. Vanderweyst further asserted that, had she known
that the Court would hear the plea by submission on May 27, 2002, rather than at the
oral hearing on Monday, June 3, 2002, she would have presented “meritorious
defenses” to the plea to the jurisdiction. Vanderweyst’s motion for new trial went on
to argue that her claims were ripe for adjudication because she had suffered injury to
her property rights because the bond she held had diminished in value, although the
full amount of the diminishment was still unknown. Vanderweyst’s motion for new
trial was overruled by operation of law. 
          On appeal, Vanderweyst contends that the trial court erred (1) when it granted
Boudreaux and Kaufman’s plea to the jurisdiction because the claims she had pled
were, in fact, ripe, and (2) when it overruled Vanderweyst’s motion for new trial.
 
Plea to the Jurisdiction
          In her first point of error, Vanderweyst argues the trial court erred by granting
Boudreaux and Kaufman’s plea to the jurisdiction. A plea to the jurisdiction contests
a trial court’s subject matter jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000). Because subject matter jurisdiction poses a question of law,
we review rulings on a plea to the jurisdiction de novo. See Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). The plaintiff bears the original burden
of pleading facts that show the trial court has subject matter jurisdiction; therefore,
we examine a plaintiff’s good faith factual allegations to determine whether the trial
court has jurisdiction. Texas Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 587
(Tex. 2001). We must determine whether, even if all the allegations in a plaintiff’s
pleadings are true, there is an incurable jurisdictional defect that prevented the trial
court from hearing the case on the merits. See State v. Sledge, 36 S.W.3d 152, 155
(Tex. App.—Houston [1st Dist.] 2000, pet. denied).
           In addition to the pleadings, a court may also consider other relevant evidence
and must do so when necessary to resolve the jurisdictional issues raised. Bland Ind.
Sch. Dist., 34 S.W.3d at 554. Unless there is fraudulent pleading to confer
jurisdiction or the face of the petition affirmatively demonstrates a lack of
jurisdiction, the trial court must liberally construe the plaintiff’s allegations in favor
of jurisdiction. See Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449
(Tex. 1996). 
          However, a trial court may grant a plea to the jurisdiction if the pleading, even
after amendment, does not state a cause of action upon which to invoke the trial
court’s jurisdiction. See Bybee v. Fireman’s Fund Ins. Co., 331 S.W.2d 910, 917
(Tex. 1960). If a party pleads facts that affirmatively demonstrate an absence of
jurisdiction, such a defect is incurable, and immediate dismissal of the case is proper. 
Peek v. Equipment Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989).
          Boudreaux and Kaufman’s plea to the jurisdiction alleged that the trial court
did not have subject matter jurisdiction because, even taking all of Vanderweyst’s
claims in her petition as true, her claims were not yet ripe for adjudication. Ripeness
implicates subject-matter jurisdiction and emphasizes the requirement of a concrete
injury in order to present a justiciable claim. Waco Indep. Sch. Dist. v. Gibson, 22
S.W.3d 849, 851 (Tex. 2000). 
          Under the ripeness doctrine, we consider whether, at the time a lawsuit is filed,
the facts are sufficiently developed “so that an injury has occurred or is likely to
occur, rather than being contingent or remote.” Id. at 851-52. We focus on whether
the case involves “uncertain or contingent future events that may not occur as
anticipated or may not occur at all.” Id. at 852. Thus, by focusing on whether the
plaintiff has a concrete injury, we avoid premature adjudication and advisory
opinions. Id. A case is not ripe when determining whether the plaintiff has a
concrete injury depends on contingent or hypothetical facts, or events that have not
yet come to pass. Id.
          In their plea to the jurisdiction, Boudreaux and Kaufman contended that a
judgment of damages is a conditional award until the conclusion of the appeals
process, and because Nationwide’s appeals had not yet concluded, Vanderweyst’s
claim regarding the insufficiency of the bond had not yet ripened. Boudreaux and
Kaufman further pointed out that, even if the appeal had concluded, Vanderweyst had
not shown that she had attempted to collect the full amount of the judgment from
either Nationwide or American, and, until she made such an attempt and was unable
to collect her judgment, her claim against Boudreaux and Kaufman was not ripe for
adjudication.
          However, Boudreaux and Kaufman’s analysis misconstrues the full import of
Vanderweyst’s petition. Vanderweyst’s petition alleged that, as a result of the
approval of the supersedeas bond, she was unable to execute judgment on the
$91,280.47 she was awarded after her suit against Nationwide. Her petition states
that “as a direct and proximate result of the [negligence], [Vanderweyst] was
prevented . . . from executing judgment on assets of Nationwide Housing Systems,
Inc., which were otherwise subject to judgment execution and/or from executing
judgment on the supersedeas bond.” Thus, Vanderweyst alleges two distinct injuries:
her inability to execute judgment immediately after the judgment was awarded by the
imposition of a supersedeas bond and her alleged inability to collect the amount of
the bond after Nationwide’s appeal. 
          We examine the first injury alleged in Vanderweyst’s petition—her lost
opportunity to execute the judgment against Nationwide. Taking the facts stated in
her petition as true, if Boudreaux was in fact negligent in approving the bond,
Vanderweyst suffered an injury because, if Boudreaux had exercised due care, he
would have refused to approve the bond as it read when presented to him. According
to her petition, Vanderweyst would have then had an opportunity to execute the
judgment from the trial court and receive cash in hand from Nationwide. Admittedly,
Vanderweyst’s window of opportunity, once Boudreaux disproved the bond, is
unknown. Nationwide could have filed a second “good and sufficient bond” days or
even moments after Boudreaux disproved the first bond, thus suspending execution. 
Additionally, even if she had been able to exploit her opportunity between the
rejection of the first bond and the approval of any subsequent sufficient bond, 
Vanderweyst may have had to pay some or all of the judgment back to Nationwide
if Nationwide’s appeal was successful. However, according to her pleadings, she at
least would have had the benefit of possessing or attempting to possess the
$91,280.47 judgment for the brief period that she was entitled to do so. The loss of
that benefit, whatever it may ultimately be determined to be worth, constitutes the
first of Vanderweyst’s pled injuries. These damages may be determined at trial to be
impossibly speculative. However, such an issue is fodder for a summary judgment
motion, not a dismissal for lack of ripeness in a plea to the jurisdiction. 
Vanderweyst’s pleadings show that some “injury” had, in fact, occurred—thus, this
part of her claim, such as it was, was ripe for adjudication.
          Having held that the plea was improperly granted as to the first cause of action,
we need not address Vanderweyst’s second claim. See Harris County Flood Control
Dist. v. PG & E Texas Pipeline, L.P., 35 S.W.3d 772, 773 (Tex. App.—Houston [1st
Dist.] 2000, pet. dism’d w.o.j.) (When the trial court has jurisdiction over any claim
against a governmental entity, the court should deny that entity’s plea to the
jurisdiction.) 
          Accordingly, Vanderweyst’s first point of error is sustained. 
Motion For New Trial
          In her second point of error, Vanderweyst contends that the trial court erred
when it denied her motion for new trial after the court granted Boudreaux and
Kaufman’s plea to the jurisdiction. 
          Having already held that the plea to the jurisdiction was improperly granted,
we need not address this point of error.
Conclusion
          We reverse and remand the cause to the trial court for further proceedings.

                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Taft, Jennings and Hanks.
Justice Jennings, dissenting.