COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 LIFE
 MANAGEMENT CENTER FOR MH/MR SERVICES, D/B/A EL PASO PSYCHIATRIC CENTER,
  
                             Appellant,
  
 v.
  
 CRISTINA
 CRUZ, M.D.,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00121-CV
  
 Appeal from the
  
 County Court at Law No. 5
  
 of El Paso County, Texas
  
 (TC#98-3886)
 
 




 

MEMORANDUM
OPINION

Life Management Center for MH/MR
Services, (the Center) doing business as El Paso Psychiatric Center
(EPPC), appeals the trial court=s denial of its plea to the jurisdiction.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Cristina Cruz, M.D., had courtesy
staff status at EPPC.  In August 1998,
Life Management Center for MH/MR Services=s medical director, Bernardo
Tarin-Godoy, suspended her, pending an investigation of possible patient
abandonment.  The suspension was lifted
the following month, and Cruz was placed on six months= probation.








Thereafter, Cruz brought this suit
against Tarin, the Center, and two other Center officials.  She sought a declaratory judgment that her
suspension and probation violated EPPC=s bylaws and various federal and
state statutes and she requested that the references to the suspension and
probation be removed from her record.

In addition to the declaratory
judgment claim, Cruz pleaded three tort claims--defamation, invasion of
privacy, and intentional infliction of emotional distress.  In the defamation claim, she alleged that
Tarin and the other Center officials slandered her by stating that she had
abandoned a patient and that Tarin also slandered her by stating that she
needed to be escorted out of EPPC when he suspended her.  In the invasion of privacy claim, she alleged
that before her suspension, in April 1998, the Center and the other officials
released her confidential personnel record to third parties.  In the intentional infliction of emotional
distress claim, she alleged that the defendants caused her severe emotional
distress by stating that she had abandoned a patient, ordering her removed from
EPPC, and releasing her confidential personnel record.

The Center filed a AMotion to Dismiss for Lack of
Jurisdiction,@ arguing that Cruz=s tort claims are barred by sovereign
immunity.  The trial court denied the
motion, and this appeal followed.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 51.014(a)(8) (Vernon Supp. 2004).








NO CHALLENGE TO JURISDICTION OVER THE DECLARATORY
JUDGMENT CLAIM

 

Although the Center styled its motion
as a AMotion to Dismiss for Lack of
Jurisdiction@ rather than as a plea to the
jurisdiction, the motion was in effect a plea to the jurisdiction.  See Tex. Natural Res. Conservation Comm=n v. White, 46 S.W.3d 864, 866-67 (Tex. 2001)
(treating a AMotion to Dismiss for Lack of
Jurisdiction Based on Sovereign Immunity@ as a plea to the jurisdiction).  A plea to the jurisdiction is used to contest
the trial court=s subject matter jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  Sovereign
immunity defeats a trial court=s subject matter jurisdiction, and thus may properly be
asserted in a plea to the jurisdiction.  Tex.
Dep=t of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999).








When a trial court sustains a plea to
the jurisdiction, the entire cause should be dismissed.  City of Hedwig Village Planning &
Zoning Comm=n v. Howeth Invs., 73 S.W.3d 389, 393 (Tex. App.--Houston [1st Dist.] 2002, no
pet.); Harris County Flood Control Dist. v. PG&E Tex. Pipeline, L.P.,
35 S.W.3d 772, 773 (Tex. App.--Houston [1st Dist.] 2000, pet. dism=d w.o.j.), disavowed on other
grounds, City of Houston v. Northwood Mun. Util. Dist. No. 1, 74
S.W.3d 183 (Tex. App.--Houston [1st Dist.] 2002, no pet.); Aledo Indep. Sch.
Dist. v. Choctaw Props., L.L.C., 17 S.W.3d 260, 262 (Tex. App.--Waco 2000,
no pet.).  Accordingly, when the court
has jurisdiction over any claim against a governmental entity, the trial court
should deny that entity=s plea to the jurisdiction, and the appellate court should
affirm the denial.  City of Hedwig
Village Planning & Zoning Comm=n, 73 S.W.3d at 393; Harris County Flood Control
Dist., 35 S.W.3d at 773; Aledo Indep. Sch. Dist., 17 S.W.3d at 262; Blum
v. Restland of Dallas, Inc., 971 S.W.2d 546, 549 (Tex. App.--Dallas 1997,
pet. denied); Tex. Dep=t of Pub. Safety v. Rivera, No. 13-01-00293-CV, 2002 WL 720706,
at *7 (Tex. App.--Corpus Christi April 25, 2002, no pet.) (not designated for
publication); Tex. Dep=t of Parks & Wildlife v.
Steinhagen, No.
09-99-00568-CV, 2001 WL 47667, at *1 (Tex. App.--Beaumont Jan. 18, 2001, no
pet.) (not designated for publication).

This result is not altered by the
fact that governmental entities are statutorily authorized to bring
interlocutory appeals from the denial of a plea to the jurisdiction.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp.
2004).  The policy reason behind this
statute is that a governmental entity should not have to expend resources in
trying a case on the merits if it is immune from suit.  Harris County Flood Control Dist., 35
S.W.3d at 773-74.  This policy does not
support allowing an interlocutory appeal when the governmental entity asserts
immunity from less than all of the claims asserted by the plaintiff against the
entity.  Id. at 774; Aledo
Indep. Sch. Dist., 17 S.W.3d at 262. 
In this situation, an interlocutory appeal only serves to increase the
cost of litigation and to delay final disposition of the entire cause.  Harris County Flood Control Dist., 35
S.W.3d at 774.








In this case, LMC has not challenged
the trial court=s jurisdiction over Cruz=s declaratory judgment action.  Therefore, the trial court properly denied
its plea to the jurisdiction.

NO PROOF THAT LMC IS A GOVERNMENTAL
ENTITY

There is an additional reason why we
must uphold the trial court=s denial of LMC=s plea.  There is no proof that LMC is a governmental
entity that is entitled to sovereign immunity.

To establish its entitlement to
sovereign immunity, LMC relies on Marroquin v. Life Management Center for
MH/MR Services, 927 S.W.2d 228 (Tex. App.--El Paso 1996, writ dism=d w.o.j.).  In Marroquin, the plaintiff appealed a
summary judgment granted in LMC=s favor.  927 S.W.2d at
229.  We stated that ALMC is a governmental unit as defined
by Tex. Civ. Prac. & Rem. Code Ann.
' 101.001 . . . .@ 
Id.  But we also stated, ABoth parties agree that LMC is a unit
of government entitled to assert the doctrine of sovereign immunity.@ 
Id. at 230.  Thus, LMC=s status as a governmental unit was
not an issue in that case.  In this case,
unlike in Marroquin, the plaintiff does not agree that LMC is a
governmental unit that is entitled to sovereign immunity.  Therefore, Marroquin is not
controlling.








The record reflects, and the parties
agree, that the trial court reviewed the file while determining LMC=s motion to dismiss.  The file includes the evidence attached to
Tarin=s motion for summary judgment, Cruz=s response to that motion, and Cruz=s objections to the summary judgment
evidence.  In their appellate briefs, the
parties cite to Tarin=s summary judgment evidence and to Cruz=s response and objections.  Therefore, we will look to that evidence to
determine whether LMC is a governmental unit that is entitled to sovereign
immunity.  See Tex. Dep=t of Criminal Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001)
(considering evidence attached to a motion for summary judgment in determining
a plea to the jurisdiction).

Tarin=s summary judgment evidence included
his own affidavit and an affidavit by Jonathan Lucas.  Tarin=s affidavit states that he is Athe Medical Director of Life
Management Center for MH/MR Services (hereinafter >LMC=)@ and that ALMC was operating or in charge of the
El Paso Psychiatric Center@ when the events giving rise to this suit occurred.  (Emphasis added.)

Lucas=s affidavit states:

I am the
Interim Chief Executive Officer of Life Management Center for MH/MR Services.  Life Management Center is a
governmental entity.  It was created by
an interlocal agreement between and among other governmental entities.  A true and correct copy of the interlocal
agreement establishing Life Management Center is attached to this
instrument.   (Emphasis added.)

 

The attached interlocal agreement between the City of El
Paso, the County of El Paso, and ALife Management Center@ notes that the City and County
previously established the El Paso Center for Mental Health and Mental
Retardation, which later changed its name to ALife Management Center.@ 
The agreement provides, pursuant to statutory authority, that A[t]he City and the County hereby
mutually establish a community mental health and mental retardation center,
which will provide mental health and mental retardation services, to be known
as Life Management Center.@








The statutory authority for
establishing a community mental health and mental retardation center is
currently found in Chapter 534 of the Texas Health and Safety Code, which provides
that such a center is a governmental unit as defined by the Texas Tort Claims
Act.  See Tex. Civ. Prac. & Rem. Code Ann. ' 101.002 (Vernon 1997); Tex. Health & Safety Code Ann. ' 534.001(c)(1) (Vernon 2003).

The record thus contains
uncontroverted evidence that EPPC was operated by ALife Management Center for MH/MR
Services@ and that ALife Management Center@ is a governmental unit that is
entitled to sovereign immunity.  But
there is no evidence that ALife Management Center for MH/MR Services@ and ALife Management Center@ are one and the same.  Thus, because there is no evidence that LMC
is a governmental unit that is entitled to sovereign immunity, the trial court
did not err in denying its plea to the jurisdiction.

CONCLUSION

For the reasons stated herein, Life
Management Center for MH/MR Services=s issue on appeal is overruled, and the
trial court=s order denying its plea to the
jurisdiction is affirmed.

 

SUSAN
LARSEN, Justice

December 11, 2003

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.