Stewart KIMMEL et al., Appellants,

v.

Lee H. LYTTON, Jr., et al., Appellees.

No. 4170.

Court of Civil Appeals of Texas.

Waco.

Oct. 24, 1963.

Rehearing Denied Nov. 14, 1963.

William C. Wright, Laredo, for appellants.

Patrick J. Horkin, Jr., Corpus Christi, Waggoner Carr, Atty. Gen., Austin, Denman Moody, Houston, Lee H. Lytton, Jr., Sarita, Lloyd, Lloyd & Dean, Alice, M.

Harvey Weil, Corpus Christi, Perkins, Floyd, Davis & Oden, Alice, Elmore H. Borchers, Laredo, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Jim Wells County dismissing intervenors from a suit. Plaintiff Lytton filed such suit against defendants John G. and Marie Stella Kenedy Memorial Foundation, et al., to determine the title to and possession of offices of a charitable corporation organized under the laws of Texas. Issue was joined as to who were the legal officers of the foundation by the various defendants.

Thereafter, appellants herein filed their plea of intervention and a host of amendments and supplements thereof, seeking varied relief, but sought neither title to nor possession of the offices in the Memorial Foundation which are in dispute in the main suit.

The Trial Court sustained motions of the other parties to the original suit to dismiss appellants' pleas of intervention. Appellants appeal, contending that the trial court erred in striking and dismissing their petition in intervention in the pending litigation.

Appellees have filed motion to dismiss appellants' appeal.

■ A judgment dismissing a petition of intervention is not such a final judgment as will authorize an appeal by the intervenor, before final judgment rendered in the court below on the matters in issue between plaintiff and defendant. Stewart v. State, 42 Tex. 242.

■ Under the general rule that a final judgment is one that disposes of all issues and parties in the case, a judgment which fails to dispose of all issues between the original parties, or between an original party and an intervenor, is not appealable. Accordingly, no appeal lies from an order dismissing a petition in intervention or

denying permission to intervene, until after a final judgment has been rendered. 3 Tex. Jur. p. 136; Pioneer American Ins. Co. v. Knox, Tex.Civ.App., Er.Ref., 199 S.W.2d 711; Polk County v. Thurman, Tex.Civ. App., Er.Ref., 285 S.W.2d 487; Mueller v. Banks, Tex.Civ.App., Er.Ref., 302 S.W.2d 447.

Appellees' motion to dismiss appeal is sustained. Appeal dismissed.