**Patrick A. TURCOTTE et al., Appellants,**

v.

**Raul TREVINO et al., Appellees.**

**No. 642.**

Court of Civil Appeals of Texas, Corpus Christi.

May 20, 1971.

Rehearing Denied May 27, 1971.

---

Wood, Burney, Nesbitt & Ryan, Frank W. Nesbitt, Patrick J. Horkin, Jr., Corpus Christi, Harry Schulz, Three Rivers, Elmore Borchers, Laredo, for appellants.

Perkins, Davis, Oden & Warburton, Kenneth Oden, Alice, Rankin, Kern & Martinez, H. Hollis Rankin, Jr., McAllen, Baker, Botts, Houston, Denman Moody, Dyer, Redford, Burnett, Wray, Woolsey & Dunham, S. Eldon Dyer, Corpus Christi, Marvin Sentell, Asst. Atty. Gen., Austin, William C. Wright, Laredo, for appellees.

OPINION

PER CURIAM.

This is an attempted appeal from an interlocutory order in Cause No. 101,209D, in the 105th District Court of Nueces County, Texas, styled Raul Trevino, et al v. Edgar Turcotte, et al. The order entered by the trial court on the 1st day of March 1971 dismissed these appellants for want of interest to contest the will in a case presently being tried before a jury. The transcript was filed in this Court as of April 28, 1971. The appellants have filed various motions, including a motion for extension of time to file Statement of

Facts. Numerous other motions from appellees to dismiss the appeal have been filed.

The record before the Court shows that there are numerous parties plaintiffs, defendants, intervenors and others that have not been disposed of in the order entered March 1, 1971. The order did not dispose of all the issues between the parties. No jury verdict has been returned or judgment rendered disposing of the remaining parties and issues in the case.

The Supreme Court of Texas has consistently held (with certain exceptions not applicable here) that only final judgments are appealable and that a judgment to be final must dispose of all issues and all parties in the case. Gulf, C. & S. F. Ry. Co. v. Fort Worth & N. O. Ry. Co., 68 Tex. 98, 2 S.W. 199 (1886), 3 S.W. 564 (1887); Davis v. McCray Refrigerator Sales Corporation, 136 Tex. 296, 150 S.W.2d 377 (1941); North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966).

It is clear to us that the order entered by the trial court is an interlocutory order. However, such order is not an appealable interlocutory order allowed by law. Rule 385, T.R.C.P.; Kimmel v. Lytton, 371 S. W.2d 927 (Tex.Civ.App.–Waco 1963, wr. ref.).

Appellants contend that their appeal is governed by Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210 (1960). The Fischer v. Williams case involves the question of appealability of orders from the County Court to the District Court pursuant to the terms of Section 28 of the Probate Code and under the special rules of procedure relating to review by district courts of county court rulings. Here the order attempted to be appealed from originated from the district court after the entire will contest case was brought from the county court by appeal for a trial de novo.

We hold that this case is governed by the same rules and procedure as other civil cases from the district courts. See North East Independent School District v. Aldridge, supra.

Appeal dismissed.