The STATE of Texas, Appellant,

v.

Ann M. FERNANDEZ, Appellee.

No. 13–03–546–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

June 16, 2004.

See also 2004 WL 1335849.

John W. Vinson, Austin, for state.

Sam Westergren, J. Bonner Dorsey, Corpus Christi, Mark A. Schwartz, Dubois, Bryant, Campbell, Austin, for appellant.

Elizabeth A. Townsend, Jackson, Sjoberg, McCarthy, Shannon H. Ratliff, Mcginnis, Lochridge & Kilgore, John Matthew Sjoberg, Austin, for Intervenor Exxon Mobil Corporation and Exxon Mobile Oil Corporation.

Thomas O. Barton, Ray Chester, Mcginnis, Lochridge & Kilgore, Austin, for Intervenor Kennedy Memorial Foundation.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellee, Ann Fernandez, filed four bills of review in the County Court of Kenedy County seeking to reopen the estates of John G. Kenedy, Jr., his wife Elena Suess Kenedy, and his sister Sarita Kenedy East. She also filed bills of review in other courts challenging several judgments pertaining to the disposition of the three estates. The statutory probate court judge assigned to the County Court of Kenedy County transferred to his court three of appellee's bills of review filed in other courts and consolidated these with bills of review pending in his court pursuant to section 5B of the probate code. *See* TEX. PROB.CODE ANN. § 5B.[1] The Attorney General unsuccessfully challenged the statutory probate court judge's authority to order

---

1. We refer to the version of section 5B as it was amended by and appears in Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, 1999 Tex. Gen. Laws 4876, 4876. This version was in effect at the time the underlying actions were filed. Section 5B was subsequently amended, although the language relevant to this appeal remained untouched. Act of June 1, 2003, 78th Leg., R.S., ch. 204, § 3.06, 2003 Tex. Gen. Laws 847, 854 (codified at TEX. PROB.CODE ANN. § 5B (Vernon Supp.2004)).

the transfers by joining in a plea to the jurisdiction and a motion to dismiss for lack of jurisdiction.

On appeal, appellant, the State of Texas, contends the statutory probate court judge had no authority to transfer the bills of review from other courts to his court because (1) well-settled law provides that only the court that issued the judgment has jurisdiction to hear the bill of review attacking that judgment; and (2) in the alternative, section 5B of the probate code did not provide the statutory probate court judge with authority to transfer the bills of review to the county court because no estate was pending in that court at the time of the transfer. Because we conclude we have no jurisdiction in this case, we dismiss this appeal.

## I. FACTUAL AND PROCEDURAL HISTORY[2]

Mr. Kenedy, Ms. East, and Mrs. Kenedy died in 1948, 1961, and 1984, respectively. Mr. Kenedy's property was distributed to Mrs. Kenedy upon his death. A portion of Mrs. Kenedy's estate was distributed to the John G. Kenedy, Jr., Charitable Trust (the Trust). And a portion of Ms. East's estate was distributed to The John G. and Marie Stella Kenedy Memorial Foundation (the Foundation). The administration of Mr. Kenedy's and Mrs. Kenedy's estates was completed in 1952 and 1985, respectively. Ms. East's estate was closed by court order in 1987.

Appellee alleges she is Mr. Kenedy's biological daughter and only learned of this fact within the past few years. In seeking to reopen and obtain her share of Mr. Kenedy's, Mrs. Kenedy's, and Ms. East's estates, appellee filed bills of review in the County Court of Kenedy County in

the following actions seeking an accounting and distribution from the Foundation and Trust as beneficiaries of the estates:

1) *Estate of John G. Kenedy, Jr.,* cause number 189;

2) *Estate of Sarita Kenedy East,* cause number 344;

3) *Estate of Elena Suess Kenedy,* cause number 379; and

4) *Estates of John G. Kenedy, Jr., Sarita Kenedy East, and Elena Suess Kenedy,* cause number 395.

The Attorney General filed a petition in intervention in cause numbers 344 and 395. *See* TEX. PROP.CODE ANN. § 123.002 (Vernon 1995).

Appellee also filed bills of review in, among others, the following three actions related to the disposition of Mr. Kenedy's and Ms. East's estates:

1) *Humble Oil & Refining Co. v. East,* cause number 35 (renumbered to 03–CV–050);

2) *Garcia v. The John G. & Marie Stella Memorial Foundation,* cause number 85 (renumbered to 03–CV–051); and

3) *Trevino v. Turcotte,* cause number 101–209–D (renumbered to 02–2959–D).

The bills of review pertaining to the first two cases were filed in the District Court of Kenedy County, the court that rendered the judgments under attack in those bills of review. The third bill of review was filed in the District Court of Nueces County, which rendered the judgment under attack in that action.

A statutory probate court judge was assigned to the County Court of Kenedy County in cause numbers 344 and 395.

---

**2.** We provide a more detailed summary of the underlying facts in *In re The John G. And Marie Stella Kenedy Memorial Foundation,*

159 S.W.3d 133 (Tex.App.-Corpus Christi 2004, orig. proceeding), a related case.

*See* TEX. GOV'T CODE ANN. § 25.0022(h) (Vernon 2004). The statutory probate court judge consolidated the four bills of review pending in the county court into cause number 395. He also ordered the bill of review filed in cause number 02–2959–D and pending in the District Court of Nueces County be transferred to his court and consolidated with cause number 395. *See* TEX. PROB.CODE ANN. § 5B. The Foundation filed a motion to dismiss for lack of jurisdiction in cause number 395 contending, among other things, the statutory probate court judge was without jurisdiction to order the transfer of the bill of review from the District Court of Nueces County to the county court. The Attorney General joined in the motion.

Appellee filed a motion to transfer the bills of review in cause numbers 03–CV–050 and 03–CV–051 pending in the District Court of Kenedy County to the county court and consolidate them with cause number 395. The Trust filed a plea to the jurisdiction challenging the statutory probate court judge's authority to transfer the cases to his court. The Foundation filed a response to the motion to transfer also challenging the statutory probate court judge's authority to order the transfer. The Attorney General joined in the Trust's plea to the jurisdiction.

In two orders dated August 27, 2003, the statutory probate court judge denied the motion to dismiss and the plea to the jurisdiction and ordered the transfer of cause numbers 03–CV–050 and 03–CV–051 to his court. The statutory probate court judge issued an amended order on September 11, 2003. This appeal followed challenging in particular the statutory probate court judge's jurisdiction to transfer cause numbers 02–2959–D, 03–CV–050, and 03–CV–051 to his court.

## II. APPELLATE JURISDICTION

■ We have jurisdiction to consider immediate appeals of interlocutory orders only where explicitly authorized by a statute. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998) (per curiam). Appellant states it brings this appeal pursuant to section 51.014(a)(8) of the civil practices and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2004). That section gives us authority to review an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." *Id.*

■ A plea to the jurisdiction is a dilatory plea intended to defeat a cause of action without regard to the merits of the claims. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000); *State of Tex. Parks & Wildlife Dep't v. Morris,* 129 S.W.3d 804, 807 (Tex.App.-Corpus Christi 2004, no pet. h.). Sustaining a plea to the jurisdiction requires dismissal of the entire cause of action. *Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985) (per curiam); *Aledo Indep. Sch. Dist. v. Choctaw Props., L.L.C.,* 17 S.W.3d 260, 262 (Tex.App.-Waco 2000, no pet.).

At the time the motion to dismiss and the plea to the jurisdiction were filed by the Foundation and Trust and joined by the Attorney General, cause numbers 03–CV–050 and 03–CV–051 were not yet pending before the statutory probate court judge. In fact, the transfer of these two cases was not ordered until the day the judge ruled on the motion to dismiss and the plea to the jurisdiction. Thus, the Attorney General sought a remedy in those pleadings with respect to cause numbers 03–CV–050 and 03–CV–051 that the statutory probate court judge could not provide at the time.

■ Notably, on appeal, appellant does not seek dismissal of the three bills of review. Rather, the crux of appellant's arguments is that the three transferred bills of review should have remained in the district courts in which each was originally filed. Appellant seeks a determination that the orders transferring these three actions were void. In effect, appellant is attempting to appeal from the orders transferring the three bills of review pursuant to section 5B of the probate code, not from rulings on pleas to the jurisdiction. Because we do not have statutory authority to consider an interlocutory appeal from a transfer order, we do not have jurisdiction to consider this appeal.

The dissent would have us treat this appeal as a petition for writ of mandamus and then deny it. Because we grant the relief requested by appellant in our disposition of a related petition for writ of mandamus, we find it unnecessary to take such a step here. *See In re The John G. & Marie Stella Kenedy Mem'l Found.*, 159 S.W.3d 133 (Tex.App.-Corpus Christi, 2004, orig. proceeding).

### III. CONCLUSION

We do not have jurisdiction to address appellant's challenges to the transfer orders in an interlocutory appeal. Accordingly, we dismiss this appeal for lack of jurisdiction and dismiss the pending motion to dismiss as moot.

Concurring and Dissenting Opinion by Justice CASTILLO.

ERRLINDA CASTILLO, Justice, concurring and dissenting.

I concur that we have no jurisdiction in this interlocutory appeal by the Attorney General of Texas. I, too, would dismiss the Attorney General's attempted appeal. However, I dissent because justice and judicial economy demand that we address the merits of the Attorney General's complaint. I would construe the Attorney General's brief as a petition for writ of mandamus and deny the requested relief on the merits.

The underlying litigation in this interlocutory appeal chronicles imperishable claims to the real property of South Texas rancher John G. Kenedy, Jr., his wife Elena Suess Kenedy, and his sister Sarita K. East. The family saga from which this appeal emerged is serialized in prior opinions of this and other courts, where the reader can find a complete list of the parties and other details.[1] This latest chapter recounts the recent claims of Ann M. Fernandez. Fernandez alleges she is the biological, extramarital daughter and sole heir of John G. Kenedy, Jr.

---

1. *Trevino v. Turcotte*, 564 S.W.2d 682 (Tex. 1978); *Corpus Christi Bank & Trust v. Alice Nat'l Bank*, 444 S.W.2d 632 (Tex.1969); *Turcotte v. Alice Nat'l Bank*, 402 S.W.2d 894 (Tex.1966); *Turcotte v. Trevino*, 544 S.W.2d 463 (Tex.Civ.App.-Corpus Christi 1976), *rev'd*, 564 S.W.2d 682 (Tex.1978); *Turcotte v. Trevino*, 467 S.W.2d 573 (Tex.Civ.App.-Corpus Christi 1971, writ ref'd n.r.e.) (per curiam); *Alice Nat'l Bank v. Trevino*, 445 S.W.2d 237 (Tex.Civ.App.-Beaumont 1969, no writ); *Alice Nat'l Bank v. Corpus Christi Bank & Trust*, 431 S.W.2d 611 (Tex.Civ.App.-Corpus Christi 1968), *aff'd*, 444 S.W.2d 632 (Tex.1969); *Gregory v. Lytton*, 422 S.W.2d 586 (Tex.Civ. App.-San Antonio 1967, writ ref'd n.r.e.); *Alice Nat'l Bank v. Edwards*, 408 S.W.2d 307 (Tex.Civ.App.-Corpus Christi 1966, no writ); *Edwards v. State of Texas ex rel. Lytton*, 406 S.W.2d 537 (Tex.Civ.App.-Corpus Christi 1966, writ ref'd); *Turcotte v. Alice Nat'l Bank*, 394 S.W.2d 228 (Tex.Civ.App.-Waco 1965), *rev'd*, 402 S.W.2d 894 (Tex.1966); *Alice Nat'l Bank v. Edwards*, 383 S.W.2d 482 (Tex.Civ. App.-Corpus Christi 1964, writ ref'd n.r.e.) (per curiam); *Kimmel v. Lytton*, 371 S.W.2d 927 (Tex.Civ.App.-Waco 1963, writ ref'd).

The John G. and Marie Stella Kenedy Memorial Foundation (the "Foundation"), The John G. Kenedy, Jr. Charitable Trust (the "Trust"), and others aligned with the Trust [2] are parties below. The Attorney General of the State of Texas intervened to protect the charitable interests of the citizens of the State of Texas in the Trust. *See* TEX. PROP.CODE ANN. § 123.002 (Vernon 1995). The State of Texas brings this interlocutory appeal of an order denying motions to dismiss filed by the Foundation and Trust and joined by the Attorney General.[3] The Attorney General challenges a statutory probate court judge's transfer of three bill-of-review proceedings filed in district court by Fernandez. *See* TEX. PROB.CODE ANN. § 5B.[4] Fernandez has filed a motion to dismiss the Attorney General's appeal for lack of jurisdiction. I would first set out the parameters of this Court's jurisdiction over interlocutory appeals.

## I. INTERLOCUTORY APPELLATE JURISDICTION

Our initial inquiry is always whether we have jurisdiction over an appeal. *Garcia v. Comm'rs Court of Cameron County*, 101 S.W.3d 778, 779 (Tex.App.-Corpus Christi 2003, no pet.) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993)). We are obligated to determine, sua sponte, our own jurisdiction.

*Garcia*, 101 S.W.3d at 779 (citing *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex.1990) (per curiam)). Jurisdiction of a court is never presumed. *Garcia*, 101 S.W.3d at 783. Our jurisdiction is established exclusively by constitutional and statutory enactments. *Id.* at 784; *see* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2004). Unless one of the sources of our authority specifically authorizes an interlocutory appeal, we only have jurisdiction over an appeal taken from a final judgment. *Garcia*, 101 S.W.3d at 784. Absent an express grant of authority, we do not have jurisdiction to review an interlocutory order. *Id.* If the record does not affirmatively demonstrate our jurisdiction, we must dismiss the appeal. *Id.*

I turn to a discussion of the statutory probate court legislative scheme and transfers at issue. I present only an abbreviated summary of events here to place this appeal in its proper context.

## II. THE CHALLENGED TRANSFERS

### A. The Underlying Causes of Action

On October 16, 2001, Fernandez filed in the County Court of Kenedy County, Texas, sitting in probate, an "Application to Set Aside Order Probating Will with Ap-

---

2. The related parties are Frost National Bank, former Executor of the Estate of Elena Suess Kenedy, Deceased, and Frost National Bank and Pablo Suess, Trustees of the John G. Kenedy, Jr. Charitable Trust.

3. A person may challenge by interlocutory appeal a trial court's orders regarding a governmental entity's plea to the jurisdiction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004).

4. Unless otherwise indicated, I apply throughout this dissenting opinion the version of the cited probate code sections in effect when the underlying suit was filed. *See* Act of May 1,

2001, 77th Leg., R.S., ch. 63, § 1, 2001 Tex. Gen. Laws 104, 106, setting forth and amending the 1999 version of TEX. PROB.CODE ANN. § 5 (current version at TEX. PROB.CODE ANN. § 5 (Vernon Supp.2004)). Although some provisions of probate code section 5 were amended in 2003 and some provisions of probate code section 5A repealed and others amended, the enabling legislation for all these amendments provides that the changes in the code apply only to a probate proceeding or other action commenced on or after the effective date of the amendments. *See* Act of June 20, 2003, 78th Leg., R.S., ch. 1060, § 17, 2003 Tex. Gen. Laws 3052, 3057.

plication for Declaration and Determination of Heirship" in Case No. 189 (*Estate of John G. Kenedy, Jr.*). On May 8, 2002, she filed bill-of-review proceedings in a "Plaintiff's Original Petition with Application for Temporary Restraining Order" in Case No. 02–2331–C (*Fernandez v. Exxon Mobil*) in the 94th District Court of Nueces County, Texas. On May 9, 2002, she filed bill-of-review proceedings in an "Application for Declaration of Heirship and Suit for Accounting and Distribution" in Case No. 344 (*Estate of Sarita K. East*) and in Case No. 379 (*Estate of Elena Suess Kenedy*), also in the County Court of Kenedy County, Texas, sitting in probate. That same day and in the same court, Fernandez filed bill-of-review proceedings in an "Application for Declaration of Heirship and Suit for Accounting and Distribution" in new Case No. 395 (*Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess Kenedy*). On May 14, 2002, Fernandez filed in the 105th District Court of Nueces and Kenedy Counties a bill of review in an "Application for Declaration of Heirship and Suit for Accounting and Distribution" in Case No. 02–2959–D (originally 101–209–D) (*Sarita K. East Will Contest*).

### B. The Assignment of a Statutory Probate Court Judge with Transfer Power

#### 1. The Statutory Authority for the Assignment

Kenedy County does not have a statutory probate court. *See* TEX. GOV'T CODE ANN. §§ 25.1331–.1340 (reserved for Kenedy County). In counties with no statutory probate court, section 5(b) of the probate code outlines the following procedure in contested probate matters:

(b) In those counties in which there is no statutory probate court, county court at law, or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administrations shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on the judge's own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided by Section 25.0022, Government Code, the assignment of a statutory probate court judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court. . . .

TEX. PROB.CODE ANN. § 5(b). "Probate matter" is defined by section 3(bb) of the probate code:

"Probate matter," "Probate proceedings," "Proceeding in probate," and "Proceedings for probate" are synonymous and include a matter or proceeding relating to the estate of a decedent.

TEX. PROB.CODE ANN. § 3(bb). "Estate" is defined by section 3(*l*):

"Estate" denotes the real and personal property of a decedent, both as such property originally existed and as from time to time changed in form by sale, reinvestment, or otherwise, and as augmented by any accretions and additions thereto (including any property to be distributed to the representative of the decedent by the trustee of a trust which terminates upon the decedent's death) and substitutions therefor, and as diminished by any decreases therein and distributions therefrom.

TEX. PROB.CODE ANN. § 3(*l*). The county court is without discretion to ignore a party's request for assignment of a statutory probate court judge under section 5(b). *In re Vorwerk*, 6 S.W.3d 781, 784–85 (Tex. App.-Austin 1999, orig. proceeding).

### 2. The Foundation's and the Trust's Requests for Assignment

On May 14, 2002, the Foundation filed a motion in Case No. 395 that asked the Kenedy County Court for assignment of a statutory probate court judge pursuant to section 5(b). *See* TEX. PROB.CODE ANN. § 5(b). The Foundation filed a similar motion on May 15, 2002 in Case No. 344. On June 10, 2002, the Trust followed suit in Case No. 395. That same day, the Kenedy County Court granted the Foundation's and the Trust's motions for assignment of a statutory probate court judge.

### 3. The Assignment Procedure

Section 25.0022 of the government code governs the administration of statutory probate courts and provides:

(h) A judge or a former or retired judge of a statutory probate court may be assigned to hold court in a statutory probate court, county court, or any statutory court exercising probate jurisdiction when:

* * *

(7) a county court judge requests the assignment of a statutory probate judge to hear a probate matter in the county court;

* * *

(i) A judge assigned under this section has the jurisdiction, powers, and duties given by Sections 5, 5A, 5B, 606, 607, and 608, Texas Probate Code, to statutory probate court judges by general law.

TEX. GOV'T CODE ANN. § 25.0022(h)(7), (i) (Vernon Supp.2004).

### 4. The Assignment

On June 28, 2002, on the request of the Kenedy County Court, the presiding statutory probate judge appointed a statutory probate court judge in Case Nos. 344 and 395. The minute order documenting the assignment specifies that the statutory probate court judge is "to preside over all contested matters in the above-referenced causes with all rights, powers and privileges held by the regular judge of the court assigned and the attendant jurisdiction of a statutory probate court."

### 5. The Transfer Power of Statutory Probate Court Judges

Section 5B of the probate code applicable to this case ("Transfer of Proceedings") provides:

A judge of a statutory probate court on the motion of a party to the action or on the motion of a person interested in the estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

TEX. PROB.CODE ANN. § 5B. A statutory probate court is defined in section 3(ii) of the probate code as:

a statutory court designated as a statutory probate court under Chapter 25, Government Code. A county court at law exercising probate jurisdiction is not a statutory probate court under this Code unless the court is designated a statutory probate court under Chapter 25, Government Code.

TEX. PROB.CODE ANN. § 3(ii). Finally, section 5A(d) of the probate code provides that "[a] statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy." TEX. PROB.CODE ANN. § 5A(d).

The purpose of this assignment and transfer statutory scheme is to promote judicial economy and the efficient administration of estates by permitting transfer of related proceedings from other courts. *See Reliant Energy, Inc. v. Gonzalez*, 102 S.W.3d 868, 881 (Tex.App.-Houston [1st Dist.] 2003, pet. granted) (en banc) (op. on reh'g); *see In re Houston Northwest Partners*, 98 S.W.3d 777, 780–81 (Tex.App.-Austin 2003, orig. proceeding) (citing *In re Ramsey*, 28 S.W.3d 58, 62–63 (Tex.App.-Texarkana 2000, orig. proceeding) ("Section 5B's purpose is to allow consolidation of all causes of action incident to an estate in the statutory probate court in order to promote efficient administration of estates and judicial economy."); *Henry v. LaGrone*, 842 S.W.2d 324, 327 (Tex.App.-Amarillo 1992, orig. proceeding) ("The purpose of Section 5B is to allow a statutory probate court to consolidate all causes of action which are incident to an estate so that the estate can be efficiently administered.")); *see also In re Graham*, 971 S.W.2d 56, 59–60 (Tex.1998) (orig.proceeding) (discussing legislative intent "as evidenced by the Legislature's persistent expansion of statutory probate court jurisdiction over the years"). The transfer power conferred on statutory probate court judges allows consolidation in one court of all causes of action incident to an estate. *See Reliant Energy*, 102 S.W.3d at 881.

### 6. The Foundation's and the Trust's Requests for Transfers

On July 17, 2002, the Foundation sought transfer by the newly assigned statutory probate court judge of the bills of review in Case No. 02–2331–C, pending in the 94th District Court, and Case No. 02–2959–D, pending in the 105th District Court. On July 19, 2002, the Trust also filed a motion to transfer but did not seek transfer of Case No. 02–2959–D.

### 7. The Attorney General's Intervention

On August 23, 2002, the Attorney General intervened in Case Nos. 344 and 395, asserting:

> The Attorney General neither admits nor denies the allegations made by the parties herein but would request that this Court require that their allegations be proven by a preponderance of the evidence, pursuant to Rule 92 of the Texas Rules of Civil Procedure.

### 8. The Transfer Order

The statutory probate court judge granted the Foundation's request and transferred and consolidated Case No. 02–2959–D, along with the other transfers the Foundation and Trust requested, by order dated November 5, 2002. The Attorney General now challenges the transfer of Case No. 02–2959–D from the 105th District Court. He does not challenge the transfer of Case No. 02–2331–C from the 94th District Court.

### 9. Fernandez's Requests for Transfers

On May 13, 2003, Fernandez filed bills of review in Case No. 03–CV–50 (originally Case No. 35) (*Humble Oil v. East, et al.*) and Case No. 03–CV–51 (originally Case No. 85) (*Garcia v. Kenedy Memorial Foundation*), both in the 105th District Court. On August 13, 2003, Fernandez filed motions to transfer and consolidate Case Nos. 03–CV–50 and 03–CV–51 into Case No. 395.

At this point, the Foundation and Trust opposed Fernandez's requested transfers from the 105th District Court of the bill-of-review proceedings in Case Nos. 03–CV–50 and 03–CV–51. They filed motions to dismiss, asserting that the statutory probate court lacked jurisdiction because: (1) there was no currently pending estate matter to

which its jurisdiction could attach or on which jurisdiction over matters incident to an estate could attach; (2) only the court that rendered the judgment being attacked has jurisdiction over a bill of review; and (3) there was no statutory basis for the court's assumption of jurisdiction over the various issues in the case. The Attorney General joined in both motions.[5]

On August 27, 2003, the statutory probate court judge granted Fernandez's motion and transferred the two additional bill-of-review proceedings from the 105th District Court. By order dated September 11, 2003, the statutory probate court judge denied the Foundation's, the Trust's, and the Attorney General's motions to dismiss. In addition to the transfer of Case No. 02–2959–D, the Attorney General challenges the transfers of Case Nos. 03–CV–50 and 03–CV–51. Each is a bill of review attacking a final judgment or order of the 105th District Court. The other bills of review filed by Hernandez attack a final judgment in the 94th District Court and judgments or orders of the Kenedy County Court, including the probate of John G. Kenedy, Jr.'s will.

Unlike the majority, I would address in detail the arguments of the parties as to whether the Attorney General's challenge to the statutory probate court judge's exercise over the district court bills of review of the transfer power conferred by section 5B is properly raised in a plea to the jurisdiction. *See Crane County v. Saults*, 101 S.W.3d 764, 767 (Tex.App.-El Paso 2003, no pet.) (holding that notice provision

---

**5.** The majority finds significant that the transfers of Case No. 03–CV–050 (*Humble Oil & Refining Company v. Sarita K. East and Elena S. Kenedy, Individually and as Independent Executrix of the Estate of John G. Kenedy, Jr., Deceased*) and No. 03–CV–051 (*Arnold R. Garcia, Temporary Administrator to the Estate of Sarita K. East, Deceased v. The John G. and Marie Stella Kenedy Memorial Foundation, et al.*) had not yet occurred when the pleas to the jurisdiction were filed. The majority concludes that the Attorney General sought a remedy that the probate court judge could not provide at the time the motions to dismiss were filed. As I read the record, the Trust's motion to dismiss was filed in response to Fernandez's motion to transfer those two cases. Therefore, the probate court judge's denial of the motions to dismiss on the same day he ordered the challenged transfers is logical and consistent with the way the parties presented their positions. The chronology is as follows:

The Foundation's motion to dismiss (filed August 13, 2003) sought dismissal of "all causes of action currently pending" before the statutory probate court judge in Case No. 395 "[i]n which the Foundation is named as a party." By August 13, 2003, Fernandez had named the Foundation as a party in: (1) a pleading filed in Case No. 189 (*Estate of John G. Kenedy, Jr.*); (2) a consolidated pleading filed in Cases No. 189 (*Estate of John G.*

Kenedy, Jr.), No. 344 (*Estate of Sarita K. East*), and No. 379 (*Estate of Elena Suess Kenedy*); (3) a pleading filed in Case No. 344 (*Estate of Sarita K. East*); (4) a pleading filed in consolidated Case No. 395 (*Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess Kenedy*); and (5) a pleading filed in Case No. 02–2331–C (*Fernandez v. Exxon Mobil*). The Foundation also reserved the right to adopt any jurisdictional challenges brought by the Trust. The Attorney General joined the Foundation's motion to dismiss on August 14, 2003.

The Trust's motion to dismiss (filed August 20, 2003) asked the statutory probate court judge to deny Fernandez's motion to transfer two bill-of-review proceedings: (1) Case No. 03–CV–050 (*Humble Oil & Refining Company v. Sarita K. East and Elena S. Kenedy, Individually and as Independent Executrix of the Estate of John G. Kenedy, Jr., Deceased*) from the 105th District Court of Kenedy County (as successor court to the 28th District Court of Kenedy County, Texas); and (2) Case No. 03–CV–051 (*Arnold R. Garcia, Temporary Administrator to the Estate of Sarita K. East, Deceased v. The John G. and Marie Stella Kenedy Memorial Foundation, et al.*), also from the 105th District Court of Kenedy County. The Trust also reserved the right to adopt any jurisdictional challenges brought by the Foundation. The Attorney General joined the Trust's motion to dismiss on August 21, 2003.

of Texas Tort Claims Act is jurisdictional defect that properly may be raised in plea to jurisdiction). As the majority agrees, if it is not proper to raise the issue in a plea to the jurisdiction, we should dismiss the Attorney General's interlocutory appeal. *See id.*

### III. INTERLOCUTORY APPEAL UNDER SECTION 51.014(a)(8)

Section 51.014(a)(8) of the government code "is a narrow exception to the general rule that only final judgments and orders are appealable." *Montgomery County v. Fuqua,* 22 S.W.3d 662, 664–65 (Tex.App.-Beaumont 2000, pet. denied). Thus, we strictly construe its grant of interlocutory jurisdiction. *Id.; America Online, Inc. v. Williams,* 958 S.W.2d 268, 271 (Tex.App.-Houston [14th Dist.] 1997, no pet.). The provision on which the Attorney General relies is deceptively simple:

> (a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
>
> * * *
>
> (8) grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001.

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2004). The policy reason behind section 51.014(a)(8) is that the State should not have to expend resources in trying a case on the merits if it is immune from suit. *Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P.,* 35 S.W.3d 772, 773–74 (Tex. App.-Houston [1st Dist.] 2000, pet. dism'd w.o.j.) (op. on reh'g), *overruled on other grounds, City of Houston v. Northwood Mun. Util. Dist. No. 1,* 74 S.W.3d 183, 184

(Tex.App.-Houston [1st Dist.] 2002, pet. denied) (en banc) (per curiam).

The attorney general is a "governmental unit" for purposes of section 51.014(a)(8). *Cornyn v. Fifty–Two Members of the Schoppa Family,* 70 S.W.3d 895, 898 (Tex. App.-Amarillo 2001, no pet.). Fernandez does not assert otherwise, nor does she suggest that the Attorney General's joinder in the cases below in motions to dismiss filed by the Foundation and Trust is not a plea to the jurisdiction by the Attorney General. Fernandez does argue that the Attorney General did not appear as a unit of government in its intervention in these proceedings. However, section 123.002 of the property code, which permits the Attorney General's intervention here, has as its basis the attorney general's function as guardian of the public interest:

> For and on behalf of the interest of the general public of this state in charitable trusts, the attorney general is a proper party and may intervene in a proceeding involving a charitable trust. The attorney general may join and enter into a compromise, settlement agreement, contract, or judgment relating to a proceeding involving a charitable trust.

*See* TEX. PROP.CODE ANN. § 123.002 (Vernon 1995). "A judgment in a proceeding involving a charitable trust is voidable if the attorney general is not given notice of the proceeding...." TEX. PROP.CODE ANN. § 123.004(a) (Vernon 1995). The attorney general either may "decline in writing to be a party to the proceeding" or approve and join in any settlement or judgment. TEX. PROP.CODE ANN. § 123.004(b) (Vernon 1995). Accordingly, the attorney general's intervention in a proceeding involving a charitable trust is permissive, not mandatory. *See* TEX. PROP.CODE ANN. § 123.002 (Vernon 1995).

The attorney general may bring an interlocutory appeal under section 51.014(a)(8) following intervention pursuant to section 123.002. *See Schoppa Family*, 70 S.W.3d at 898. The question remains, however, whether the Attorney General's challenge to the statutory probate court judge's transfers in this case is a proper subject for a plea to the jurisdiction. I concur in the majority's conclusion that it is not.

A pleading must be judged by its substance. *Univ. of Houston v. Elthon*, 9 S.W.3d 351, 355 (Tex.App.-Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *see* TEX.R. CIV. P. 71. Its substance is determined by what effect it will have on the proceeding if granted. *Elthon*, 9 S.W.3d at 355. I conclude we first must look to the effect on the proceedings below of sustaining the Attorney General's motion to dismiss. *See id.*

In *Schoppa Family*, the attorney general had intervened and asserted he was the only proper party to represent the interests of the public in matters involving charitable trusts. *Schoppa Family*, 70 S.W.3d at 898. The appellees contended that a plea to the jurisdiction was not a proper procedural device for the attorney general's challenge to the plaintiffs' standing. *Id.* at 898–99. The attorney general characterized the motion as a "global plea to the jurisdiction seeking a dismissal of the Plaintiffs based on their lack of standing." *Id.* at 898. The trial court overruled the motion. *Id.* The Amarillo Court of Appeals permitted interlocutory appeal by the attorney general:

> [Appellees] reason that this is not actually an interlocutory appeal within the purview of section 51.014(a)(8) of the Code because, if it is determined that appellant is the only proper party, he

would remain in the case. However, appellant filed a neutral intervention petition that made no substantive claims. If we reverse the trial court's denial of appellant's plea to the jurisdiction, the suit would be dismissed because appellant has not asked for any substantive claims. This is true because an intervention is subject to dismissal if it does not assert a cause or causes of action or otherwise adopt the affirmative claims of litigating parties. *See Casteel v. Gunning*, 402 S.W.2d 529, 542–543 (Tex.Civ. App.-El Paso 1966, writ ref'd n.r.e.). If no affirmative relief is requested and the party or parties seeking affirmative relief are dismissed, there was no claim or claims to adjudicate and, therefore no subject matter jurisdiction.

*Id.* at 899. The Attorney General here urges us to adopt the Amarillo court's reasoning. However, I am unpersuaded that *Schoppa Family* is applicable to the motion to dismiss at issue in this case. The majority agrees. Whatever the disposition of this appeal, the Attorney General will remain a party to the litigation. These three bills of review will not be dismissed. They will transfer back to the 105th District Court, where they were originally filed. The Kenedy County bills of review will remain pending in front of the assigned statutory probate court judge to whom they were transferred, as will the bill of review originally filed in the 94th District Court, the transfer of which the Attorney General does not complain in this appeal.[6] The Attorney General, having willingly intervened, is now in the thick of these lawsuits.

Fernandez argues that the legislative purpose behind section 51.014(a)(8) is to facilitate appeals by governmental units when they are immune from suit, citing *City of Austin v. L.S. Ranch, Ltd.*, 970

---

6. Case No. 02–2331–C (*Fernandez v. Exxon Mobil*).

S.W.2d 750 (Tex.App.-Austin 1998, no pet.). The issue in *L.S. Ranch* was whether an interlocutory appeal could be brought from the denial of any plea to the jurisdiction or only from the denial of a plea based on sovereign immunity. *Id.* at 752. The Austin Court of Appeals held that section 51.014(a)(8) authorizes interlocutory appeal of a decision on a plea to the jurisdiction regardless of its basis. *Id.* at 752–53. It recognized "the literal terms" of the statute and refused to "add a restriction to the statute that the legislature did not provide." *Id.* at 752–53; *see also Brazos Transit Dist. v. Lozano,* 72 S.W.3d 442, 444 (Tex.App.-Beaumont 2002, no pet.) (op. on reh'g) (per curiam) ("As *L.S. Ranch* clearly indicates, the legislature made a plea to the jurisdiction eligible for interlocutory appeal regardless of its basis, not because of it.") (emphasis deleted); *accord City of Hedwig Vill. Planning & Zoning Comm'n v. Howeth Invs., Inc.,* 73 S.W.3d 389, 390, 393 (Tex.App.-Houston [1st Dist.] 2002, no pet.) (permitting interlocutory appeal in plea to jurisdiction based on lack of standing and mootness).

I agree with the Attorney General that section 51.014(a)(8) permits interlocutory appeal from a decision on a plea to the jurisdiction on grounds other than the assertion of sovereign immunity. *See, e.g., Gilmer Indep. Sch. Dist. v. Dorfman,* 156 S.W.3d 586, 587 (Tex.App.-Tyler Aug.29, 2003, no pet.) (plea to jurisdiction based on failure to name necessary party); *Harris County v. Lawson,* 122 S.W.3d 276, 279 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (en banc) (plea to jurisdiction based on failure to exhaust administrative remedies); *Saults,* 101 S.W.3d at 767 (plea to jurisdiction based on failure to provide notice under Texas Tort Claims Act); *Cornyn v. County of Hill,* 10 S.W.3d 424, 428–29 (Tex.App.-Waco 2000, no pet.) (plea to jurisdiction based on exclusive jurisdiction provision of tax code). However, neither the Attorney General nor Fernandez has addressed the propriety under section 51.014(a)(8) of an interlocutory appeal if sustaining the plea to the jurisdiction will not result in a dismissal.

I agree with the majority that sustaining a plea to the jurisdiction requires dismissal of the entire case. *Aledo Indep. Sch. Dist. v. Choctaw Props.,* 17 S.W.3d 260, 262 (Tex.App.-Waco 2000, no pet.) (citing *Speer v. Stover,* 685 S.W.2d 22, 23 (Tex.1985) (per curiam); *City of Cleburne v. Trussell,* 10 S.W.3d 407, 409–10 (Tex.App.-Waco 2000, no pet.)). In *Choctaw Properties,* the Waco Court of Appeals observed: "We believe it does not serve the legislative purposes for which interlocutory appeals of pleas to the jurisdiction were allowed to fragment the appeal on less than the entire case against a defendant." *Choctaw Props.,* 17 S.W.3d at 262; *see also PG & E Texas Pipeline,* 35 S.W.3d at 774 ("If we permitted separate interlocutory appeals from orders that resolved only one of the claims pending against a governmental unit, it would increase the cost of resolving the litigation and delay the final disposition of the case."). At least one court permits interlocutory appeal under section 51.014(a)(8) when dismissal of only one of multiple claims against the governmental unit results. *Fuqua,* 22 S.W.3d at 669.

As noted above, because a neutral petition in intervention cannot sustain a lawsuit, the practical effect of granting the attorney general's plea to the jurisdiction in *Schoppa Family* was dismissal. *Schoppa Family,* 70 S.W.3d at 899. That is not the case here. The Attorney General has cited no authority, and I have discovered none, analyzing the circumstances presented here: a suit in which the attorney general intervened because of the involvement of a charitable trust and then challenged in a plea to the jurisdiction a statutory probate court's transfer authority.

In the absence of any authority directly on point, we should look to the substance of the Attorney General's plea to determine its nature, not merely at its title. *See* TEX.R. CIV. P. 71; *see also State Bar of Tex. v. Heard,* 603 S.W.2d 829, 833 (Tex. 1980) (orig.proceeding); *Elthon,* 9 S.W.3d at 355. Sustaining the Attorney General's motion to dismiss will not minimize the expenditure of public funds by disposing of the litigation. Indeed, the Attorney General has voluntarily intervened and willingly incurred the expense of participating in this litigation. Sustaining the Attorney General's motion to dismiss will not result in dismissal of any claim against a governmental unit. *See Choctaw Props.,* 17 S.W.3d at 262; *see also Baylor Coll. of Med. v. Tate,* 77 S.W.3d 467, 472–73 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (holding that motion for summary judgment could not be construed as plea to jurisdiction because it was based on immunity from liability and not immunity from suit). I also note that at least one court has held that section 5B does not confer jurisdiction but "merely provides the statutory probate court with a mechanism to effect its authority." *Reliant Energy,* 102 S.W.3d at 873. I would expressly hold that a plea to the jurisdiction is not a proper procedural device for the Attorney General to challenge the scope of the statutory probate court judge's transfer powers under section 5B of the probate code. *See* TEX. PROB.CODE ANN. § 5B. I concur that we have no jurisdiction to consider the Attorney General's interlocutory appeal in this case. I would dismiss the attempt. Accordingly, I would deny as moot Fernandez's motion to dismiss.

However, it has long been the practice to construe briefs liberally to obtain a just, fair, and equitable adjudication of the rights of the litigants. *In re L.M.I.,* 119 S.W.3d 707, 733 & n. 14 (Tex.2003) (Owen, J., concurring and dissenting). Indeed, our rules mandate liberality in construction. *Id.; see* TEX.R.APP. P. 38.9; *see also Jackson v. Kincaid,* 122 S.W.3d 440, 444 (Tex.App.-Corpus Christi 2003, pet. filed). Therefore, in the interest of judicial economy, I would construe the Attorney General's brief as a petition for writ of mandamus.[7] *See* TEX.R. CIV. P. 71. I would turn to the merits of the Attorney General's complaint.

## IV. ORIGINAL PROCEEDING

### A. The Issues Presented

In support of his position that the transfers here are not permitted, the Attorney General argues: (1) a bill of review must be decided by the court that rendered the challenged judgment; and (2) no estate was pending in front of the statutory probate court judge when the judge ordered the challenged transfers. I address these challenges in the order presented by the Attorney General.

### B. Bills of Review under the Probate Code

As a general rule, only the court that rendered the judgment under attack has

---

7. For the disposition of a related mandamus proceeding, see *"In re The John G. and Marie Stella Kenedy Memorial Foundation, et al.,"* 159 S.W.3d 133 (Tex.App.-Corpus Christi 2004, orig. proceeding), in which I dissented to granting extraordinary relief to the Foundation and Trust in an original proceeding challenging the statutory probate court's transfer powers. I dissented in part on equitable grounds because the Foundation and Trust had sought both assignment of the statutory probate court judge and exercise of the transfer authority they sought to reverse. The Attorney General intervened in the litigation after assignment of the statutory probate court judge and after the initial transfers requested by the Foundation and Trust had occurred. Therefore, I would find that the Attorney General does not face the same equitable impediment to obtaining extraordinary relief.

jurisdiction over a bill-of-review proceeding. *Rodriguez v. EMC Mortg. Corp.*, 94 S.W.3d 795, 797 (Tex.App.-San Antonio 2002, pet. denied); *Richards v. Comm'n for Lawyer Discipline*, 81 S.W.3d 506, 508 (Tex.App.-Houston [1st Dist.] 2002, no pet.). Accordingly, any bill of review must be filed in the court that rendered the judgment. *Rodriguez*, 94 S.W.3d at 797. I would conclude that Fernandez is correct in arguing that once jurisdiction attaches in the proper court, the case may be transferred to another court, which then has the authority to determine the merits of the bill of review. *See id.* (citing *Outlaw v. Noland*, 506 S.W.2d 734, 735 (Tex.Civ. App.-Houston [1st Dist.] 1974, writ ref'd n.r.e.) (op. on reh'g)).

I consider it significant that each of the judgments under attack by the bills of review at issue in this case were rendered long before the Legislature expanded probate court jurisdiction in Texas. One of the challenged bills of review[8] attacks a judgment rendered in 1949 by a predecessor court of the 105th District Court. The second challenged bill of review[9] assails a judgment entered in 1975 by the district court exercising its de novo appellate review over an appeal from the Kenedy County Court in Case No. 344 (*Estate of Sarita K. East*), which was consolidated with Case No. 348 (*Sarita K. East Will Contest*). Finally, the third challenged bill of review[10] seeks to set aside a dismissal order signed in 1978.

Thus, in at least one and in part two of the three bills of review at issue here, the 105th District Court was not the court that rendered the original judgment. The third attacks a dismissal order, not a final judgment. In any event, consistency, not comity, underlies the Legislature's efforts in regard to probate court transfers. The appointment provisions of section 5(b) first appeared in 1973 in the 63rd Legislature's amendment of then-section 5. It provided that "in contested probate proceedings, the judge of the county court on his own motion, or the parties by agreement may transfer such proceeding to the district court, which may then hear such proceeding as if originally filed in such court." Act of May 24, 1973, 63rd Leg., R.S., ch. 610, § 1, 1973 Tex. Gen. Laws 1684, 1684 (TEX. PROB.CODE ANN. § 5(b), since amended). This version allowed a transfer only if the parties agreed or if the county court on its own motion transferred the contested proceeding. *In re Vorwerk*, 6 S.W.3d at 784. Without the agreement of all parties, however, the section did not direct that the county court transfer the contested matters. *Id.* The 64th Legislature amended the section in 1975 to provide "in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district court...." Act of May 29, 1975, 64th Leg., R.S., ch. 701, § 2, 1975 Tex. Gen. Laws 2195, 2195 (TEX. PROB.CODE ANN. § 5(b), since amended). The result of the 1975 amendment was that a party's request to transfer contested matters to district court removed the county court's discretion and required the county court to transfer the contested matter to district court. *In re Vorwerk*, 6 S.W.3d at 784 (citing *Lesley v. Lesley*, 664 S.W.2d 437, 439–40 (Tex.App.-Fort Worth 1984, no writ)). The 70th Legislature amended the phrase to provide:

> [I]n contested probate matters, the judge of the county court may on his

---

8. Case No. 03–CV–50 (originally Case No. 35) (*Humble Oil v. East, et al.*).

9. Case No. 02–2959–D (originally Case No. 101–209–D) (*Sarita K. East Will Contest*).

10. Case No. 03–CV–51(originally Case No. 85) (*Garcia v. Kenedy Memorial Foundation*).

own motion (or shall on the motion of any party to the proceeding, according to the motion) request as provided Chapter 781, Acts of the 68th Legislature, Regular Session, 1983 (Article 1969b, Vernon's Texas Civil Statutes), the assignment of a statutory probate judge to hear the contested portion of the proceeding, or transfer the contested portion of the proceeding to the district court. . . .

Act of May 26, 1987, 70th Leg., R.S., ch. 459, § 4, 1987 Tex. Gen. Laws 2043, 2044–45 (TEX. PROB.CODE ANN. § 5(b), since amended). The 1987 amendment demonstrated the Legislature's intent to provide litigants with more than one procedure to have contested matters heard in a forum other than the county court, which does not require the judge to be a licensed attorney. *In re Vorwerk,* 6 S.W.3d at 785 (citing TEX. CONST. art. V, § 15). The amendment also provided litigants with an opportunity to request which court, if only one motion was filed, would hear the contested matter. *Id.*

The evolution of statutory probate courts in Texas proves the maxim that "the law is not static." *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 899 (Tex.2000). I would conclude that the Legislature contemplated that bills of review might be filed challenging judgments rendered by district courts long before the expansion of statutory probate court transfer authority. When reason and equity demand, courts have been the primary instruments for change through continual reevaluation of common-law concepts in light of current conditions. *See id.* The statutory probate court judge's decision to transfer the bills of review challenged in this proceeding is consistent with the Legislature's intent, since the original judgments were rendered, to confer broad transfer powers on statutory probate courts.

Finally, I note that Fernandez has asserted either statutory bills of review under the probate code or equitable bills of review. *See* TEX. PROB.CODE ANN. §§ 31, 93 (statutes of limitation in statutory bills of review and will contests); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1997) (residual limitations period applicable to equitable bills of review). Both may be subject to the discovery rule. *See Vandehaar v. ALC Fin. Corp.,* 25 S.W.3d 406, 409 (Tex.App.-Beaumont 2000, pet. denied) (equitable bill of review); *see also Escontrias v. Apodaca,* 629 S.W.2d 697, 698 (Tex.1982) (statutory bill of review under section 93). Whatever the merits of Fernandez's attacks on the earlier judgments, she must hurdle the applicable statutes of limitation in each case as well as prove her entitlement to prevail on the merits of her bills of review. Denial of the statutory probate court judge's authority to transfer all of Fernandez's bills of review reopens the inherent Pandora's box of potentially inconsistent results the Legislature sought to nail shut in adopting section 5B of the probate code.

Although I would construe the Attorney General's brief as a petition for writ of mandamus, I would decline the Attorney General's invitation to step back in time and perpetuate the multiplicity of suits the Legislature intended to eliminate with its "persistent expansion of statutory probate court jurisdiction over the years." *See In re Graham,* 971 S.W.2d at 59–60. Accordingly, I would hold that bill-of-review proceedings are subject to transfer by a statutory probate court judge in accordance with the parameters set out in section 5B of the probate code. *See* TEX. PROB.CODE ANN. § 5B.

### C. "Estate Pending" under the Probate Code

The Attorney General argues that the statutory probate court judge had no juris-

diction to transfer the bill-of-review proceedings because there was no "estate pending" in front of the statutory probate court judge at the time of the challenged transfers. Thus, the Attorney General contends that a bill of review does not reopen a proceeding until it is granted. I agree that a statutory probate court judge's transfer power under section 5B is predicated on an "estate pending" to which the transferred case may attach. *See* TEX. PROB.CODE ANN. § 5B. However, I note that section 3(*l*) of the probate code defines "estate" as "the real and personal property of a decedent, both as such property originally existed ... and as diminished by any decreases therein and distributions therefrom." TEX. PROB.CODE ANN. § 3(*l*). Thus, "estate" is not limited to a *res* subject to a probate proceeding, nor does a time limitation appear in the definition.

Further, I am persuaded by limitations provisions in the probate code for statutory bills of review and will contests. *See* TEX. PROB.CODE ANN. §§ 31, 93. The probate code "liberally" provides a number of alternative means to make direct attacks on a will long after the proceeding probating the will is concluded. *Ladehoff v. Ladehoff*, 436 S.W.2d 334, 337 (Tex.1968). These statutory bills of review keep a probate order voidable and subject to attack. *Estate of Devitt*, 758 S.W.2d 601, 606 (Tex. App.-Amarillo 1988, writ denied) (op. on reh'g) (citing *Ladehoff*, 436 S.W.2d at 340). Accordingly, a bill-of-review challenge to the probate of a will is a part of the same proceeding. *In re Devitt*, 758 S.W.2d at 606. "[P]robate court orders have long been attacked after distribution of an estate, be it by way of statutory bill of review or equitable bill of review." *McDonald v. Carroll*, 783 S.W.2d 286, 287 (Tex.App.-Dallas 1989, writ denied). Any

conclusion that a bill of review is not an "estate pending" for purposes of section 5B's transfer powers "effectively eviscerate[s]" section 5B in probate bills of review. *See id.*

Finally, I note that the Attorney General has not challenged appointment of the statutory probate judge under section 5(b) of the probate code. *See* TEX. PROB.CODE ANN. § 5(b). In addition to the requirement in section 5B of an "estate pending" before the transfer power conferred by section 5B may be exercised, assignment of a statutory probate court judge in the first place only may occur in "contested probate matters." TEX. PROB.CODE ANN. § 5(b). Section 3(bb) defines the phrase "probate matter" as including "a matter or proceeding relating to the estate of a decedent." TEX. PROB.CODE ANN. § 3(bb). The words "contested probate matters" are intended to include all matters in a probate proceeding where the pleadings on file demonstrate that the parties to the suit have adopted adversary positions. *Sivley v. Sivley*, 972 S.W.2d 850, 856 (Tex.App.-Tyler 1998, no pet.) (citing *Jackson v. Thompson*, 610 S.W.2d 519, 522 (Tex.Civ. App.-Houston [1st Dist.] 1980, no writ)). The Foundation's and Trust's answers challenge Fernandez's claims and raise affirmative defenses, obviously positions adverse to Fernandez's. No party to this litigation has suggested that Fernandez's bills of review are not "contested probate matters" for purposes of assignment of a statutory probate judge. Indeed, a bill of review is a "contested probate matter" under section 5(b). *See Jackson*, 610 S.W.2d at 522. I see no meaningful difference between a "matter or proceeding relating to the estate of a decedent" in section 5(b) (as "probate matter" is defined) and the phrase "estate pending" in section 5B. *See* TEX. PROB.CODE ANN. §§ 3(bb), 5(b), 5B. Our countenance of the Attorney General's argument would lead to usurpation of the powers the Legislature conferred on as-

signed statutory probate court judges: "A judge assigned under this section has the jurisdiction, powers, and duties given by Sections 5, 5A, 5B, 606, 607, and 608, Texas Probate Code, to statutory probate court judges by general law." TEX. GOV'T CODE ANN. § 25.0022(i) (Vernon Supp. 2004).

The Legislature has expressed its preference in contested probate matters for convenience and consistency over comity. We are required to interpret the statutes before us in harmony with that intent. Fernandez filed bills of review attacking judgments or orders of the Kenedy County Court apart from the district court bills of review challenged here, including the probate of John G. Kenedy, Jr.'s will. The Attorney General has not challenged the transfer of those proceedings to the statutory probate court judge. I would hold that the consolidated Kenedy County Court bills of review are both: (1) "contested probate matters" so as to permit assignment of a statutory probate court judge; and (2) "pending estates" to which the statutory probate court judge's transfer authority attached. *See* TEX. PROB. CODE ANN. §§ 5(b), 5B.

### D. Denial of Extraordinary Relief

The supreme court has granted mandamus relief in reversing a statutory probate court's section 5B transfer of a cause of action that was not appertaining to or incident to an estate. *In re SWEPI, L.P.*, 85 S.W.3d 800, 809 (Tex.2002) (orig.proceeding). The transfer at issue in *In re SWEPI* had interfered with the jurisdiction of the other court, creating an exception to the general rule that incidental trial rulings for which the relator has an adequate appellate remedy ordinarily are not reviewable by mandamus. *Id.* at 808–09. However, in addition to the requirement that no adequate remedy by appeal exists, mandamus is appropriate only when the record also shows that the trial court clearly abused its discretion. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex.2000) (orig.proceeding) (per curiam). A trial court abuses its discretion in determining the legal principles that control its ruling if the court clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). For the reasons discussed above, I cannot say the Attorney General has satisfied the onerous burden of demonstrating that the statutory probate court judge clearly failed to analyze or apply the law correctly. *See id.* I would not disturb the statutory probate court judge's exercise of discretion in transferring the three bills of review at issue here.

### V. CONCLUSION

I concur in the dismissal for want of jurisdiction of the Attorney General's attempted interlocutory appeal. I would deny Fernandez's motion to dismiss as moot. Construing the Attorney General's brief as a petition for writ of mandamus, I would deny the requested relief.